In the Matter of IRA PARIS, Petitioner, *v.* JOSEPH EISENBERG, as Chairman of the Board of Trustees of the Village of Kings Point, et al., Respondents.

Supreme Court, Special Term, Nassau County, June 28, 1962.

*Goldstein, Judd & Gurfein* for petitioner. *G. Frank Dougherty* for respondents.

JOSEPH A. SUOZZI, J. By this proceeding in the nature of certiorari under article 78 of the Civil Practice Act, petitioner, claiming to be an aggrieved adjoining property owner, seeks to review and annul a determination of the Board of Trustees of the Village of Kings Point whereby said board reversed a decision of the Building Inspector of the said village and directed the issuance of a building permit to Grace Harbor Association, Inc., with the result that such association is presently authorized to build and maintain a float or dock, a right which has for some time been the subject of litigation in the courts (*Paris* v. *Grace Harbor Assn.*, 11 N Y 2d 925, affg. 14 A D 2d 795).

On May 16, 1962, the association filed an application for building permit for an " addition " to a "float " on land underwater in the Village of Kings Point. The Building Inspector of the village on the same day disapproved the application as not complying with article IIA, section 231 of the Zoning Ordinance. The applicant thereupon appealed to the Board of Trustees pursuant to section 700 of the Building Code of the village, which on May 24, 1962 reversed the Building Inspector and directed the issuance of the permit subject to 13 " special conditions and stipulations " appearing in its resolution of that date.

Article IIA, section 231 of the Zoning Ordinance applies to the premises and so far as material reads as follows:

" Sec. 231. A building may be erected, altered or used, and a lot or premises may be used for any of the following purposes and for no other:

" 1. Single-family detached dwelling.

" 2. When authorized as a special exception by the Board of Trustees: a regularly organized institution of learning approved by the State Board of Regents, religious use, municipal recreational use, library, hospital or eleemosynary institution other than a camp, correctional institution or institution for the insane.

" 3. Farm; greenhouse.

" 4. Accessory use on the same lot with and customarily incidental to any of the above permitted uses, including a private garage. "

Section 700 of the Village Building Code reads as follows:
" *Section 700: Right to Appeal*: In the event of a rejection of an

application for a permit, or in the event of an adverse ruling on the part of the Building Inspector, the rejected applicant shall have the right to appeal to the Board of Trustees within ten (10) days after notice of such rejection by serving a written notice of appeal on the Building Inspector and on the Village Clerk. The Board of Trustees shall act on such appeal and decide the same within a reasonable time.''

The Village Zoning Ordinance (art. X) provides for a Board of Appeals.

Assuming that the provisions of section 700 of the Village Building Code override the applicable provisions of section 179-b of the Village Law that '' Such Board of Appeals shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this act '', it must obviously be true that the power of the Board of Trustees is limited to the issuance of permits referred by the Building Inspector as in violation of the Zoning Ordinance where the board finds the applicant entitled to the permit as a matter of law on the face of the papers submitted. It does not appear that the Board of Trustees in the instant case held any hearing or took any proof. The record is silent as to its reasoning in taking the action which it did. Obviously, it did not feel that the applicant was entitled as a matter of law to the permit sought; it imposed manifold conditions on its issuance. Its action had the effect of granting a variance or changing and enlarging the use permitted on the premises under the Zoning Ordinance, which clearly seems not to authorize the use sought. Only the Board of Zoning Appeals may grant a variance; and if a Zoning Ordinance is to be amended, that must be done in the manner provided by the Village Law. Various arguments are now advanced to justify the board's action. (1) That the association seeks only to improve facilities which have been in existence for many years and prior to the adoption of a Zoning Ordinance. Of this there was no proof before the Board of Trustees, nor did it so find, so far as the record shows. (2) That no permit was in any event required. This seems to be answered by the provision of section 300 of the Building Code requiring a permit to erect, construct, alter or repair any building or structure. The proposed float was a structure (*Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415). Furthermore, a permit was issued. (3) That petitioner has no standing to bring this proceeding. Petitioner's home is adjacent to the association's premises and he may be adversely affected by the action sought to be reviewed. (4) That the boating facilities

are a customary accessory use incidental to a permitted use under section 231 of the Zoning Ordinance. This is clearly not the fact. (5) That the structure has been held not to be in violation of the Zoning Ordinance. This court does not so read the record.

In the court's opinion, the action of the Board of Trustees in directing the issuance of the permit is unsupported by the record and the prayer of the petitioner is accordingly granted and the board's action annulled.